UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION


RICHARD CHARLES McNEAL,

      Petitioner,

v.                                   Case No. 5:09-cv-284-OC-10PRL

SECRETARY, Department of Corrections,

      Respondent.

_____/

## O R D E R

McNeal petitions under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 1) and challenges his convictions for trespass with a human being in the structure (Count I),[1] assault (Count II), shooting at, within or into a dwelling (count III), aggravated assault with a firearm (count IV), and possession of a firearm by a felon (Count VI).  The jury found McNeal not guilty of aggravated assault with a firearm (Count V).  McNeal serves twenty-five years imprisonment.  Numerous exhibits ("Respondent's Exhibit __") support the response.  (Doc. 10)  The respondent argues that some grounds are not fully exhausted and are now procedurally barred from federal review.  The respondent admits the petition's timeliness.  (Response at 9, Doc. 10)

---

[1] This conviction is for a lesser included offense to the charge of burglary of a dwelling.

## **FACTS**[2]

The victim was McNeal's ex-girlfriend with whom he had fathered a son.  A couple of months after they separated McNeal appeared at the victim's apartment shortly before midnight and demanded to see his son.  The victim refused because it was too late in the evening.  Despite the victim's verbal refusal, McNeal gained entry into the apartment.  The victim escaped to a neighbor's apartment.  McNeal threatened to kill the victim.  The victim called the police from the neighbor's apartment.  McNeal left the premises before the police arrived.

Around 3:00 a.m. the victim was awakened by a loud "pow" outside of her bedroom window and the sound of glass shattering.  She grabbed her children and again fled to a neighbor's apartment.  While trying to awaken her neighbor, McNeal approached her carrying a "long gun" and he hit her.  The neighbor "dragged" the victim to safety inside the neighbor's apartment.  After this incident the police discovered (1) that the glass in the bedroom window was broken, (2) that the window frame was bent, and (3) that a hole now existed in the blinds covering the victim's bedroom window, the blanket covering the blinds, and the ceiling above the window.  When asked what caused the hole, a detective testified that the "pattern was consistent with a shotgun at close range."  Respondent's Exhibit C at 238-39.

---

[2] This summary of the facts derives from McNeal's brief on direct appeal.  (Respondent's Exhibit D)

## PROCEDURAL HISTORY

On direct appeal McNeal's appointed counsel filed a brief (Respondent's Exhibit D) that is consistent with the requirements of *Anders v. California*, 386 U.S. 738 (1967).  The state appellate court *per curiam* affirmed the conviction and sentence without a written opinion.  Respondent's Exhibit F.  A few months later McNeal petitioned for the writ of habeas corpus, in which he alleged the denial of the effective assistance of appellate counsel.  The petition was denied.  Respondent's Exhibit Z and CC.  Thereafter McNeal petitioned for post-conviction relief under Rule 3.850, Florida Rules of Criminal Procedure, in which he alleged the denial of the effective assistance of trial counsel.  Respondent's Exhibit J.  Both McNeal's motion for the appointment of counsel and his motion for reconsideration were denied.  Respondent's Exhibits K-N.  As a consequence of the denials, McNeal represented himself at the evidentiary hearing.  The denial of post-conviction relief was affirmed *per curiam* without a written opinion.  Respondent's Exhibit P and W.

McNeal timely filed his federal petition.  Ground one alleges ten sub-claims of ineffective assistance of trial counsel.  Ground two alleges one claim of trial court error.  The respondent argues that many of the sub-claims of ineffective assistance of trial counsel are procedurally barred from federal review and that ground two fails to assert a federal claim reviewable in a petition under Section 2254.

## **EXHAUSTION AND PROCEDURAL DEFAULT**

A petitioner must present each claim to a state court before raising the claim in federal court.  "[E]xhaustion of state remedies requires that petitioners 'fairly presen[t]' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995), *Picard v. Connor*, 404 U.S. 270, 275 (1971).  *Accord Rose v. Lundy*, 455 U.S. 509, 518-19 (1982) ("A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error."), and *Upshaw v. Singletary*, 70 F.3d 576, 578 (11th Cir. 1995) ("[T]he applicant must have fairly apprised the highest court of his state with the appropriate jurisdiction of the federal rights which allegedly were violated.").  Also, a petitioner must present to the federal court the same claim presented to the state court.  *Picard v. Connor*, 404 U.S. at 275 ("[W]e have required a state prisoner to present the state courts with the same claim he urges upon the federal courts.").  "Mere similarity of claims is insufficient to exhaust." *Duncan v. Henry*, 513 U.S. at 366.

A petitioner must alert the state court that he is raising a federal claim and not just a state law claim.

> A litigant wishing to raise a federal issue can easily indicate the federal
> law basis for his claim in a state-court petition or brief, for example, by
> citing in conjunction with the claim the federal source of law on which he
> relies or a case deciding such a claim on federal grounds, or by simply
> labeling the claim "federal."

*Baldwin v. Reese*, 541 U.S. 27, 32 (2004).  As a consequence, "[i]t is not enough that all

the facts necessary to support the federal claim were before the state courts, or that a

somewhat similar state-law claim was made."  *Anderson v. Harless*, 459 U.S. 4, 6 (1982).

*See also Kelley v. Sec'y for Dep't of Corr.*, 377 F.3d 1271, 1345 (11th Cir. 2004) ("The

exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift

needles in the haystack of the state court record.") (citations omitted).

Finally, presenting a federal claim to a state court without the facts necessary to

support the claim is insufficient.  *See, e.g., Brown v. Estelle*, 701 F.2d 494, 495 (5th Cir.

1983) ("The exhaustion requirement is not satisfied if a petitioner presents new legal

theories or entirely new factual claims in support of the writ before the federal court.").

The failure to properly exhaust each available state court remedy causes a

procedural default of the unexhausted claim.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 847

(1999) ("Boerckel's failure to present three of his federal habeas claims to the Illinois

Supreme Court in a timely fashion has resulted in a procedural default of those claims.");

*Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998) ("[W]hen it is obvious that the

unexhausted claims would be procedurally barred in state court due to a state-law

procedural default, we can forego the needless 'judicial ping-pong' and just treat those

claims now barred by state law as no basis for federal habeas relief."); *Kennedy v. Herring*, 54 F.3d 678, 684 (1995) ("If a claim was never presented to the state courts, the federal court considering the petition may determine whether the petitioner has defaulted under state procedural rules."), *appeal after remand, Kennedy v. Hopper*, 156 F.3d 1143 (11th Cir.), *cert. denied sub nom Kennedy v. Haley*, 526 U.S. 1075 (1999).

A claim barred by a procedural default in state court remains barred in federal court, absent a demonstration of "actual cause and prejudice" or "manifest injustice." *Murray v. Carrier*, 477 U.S. 478, 492 (1986); *Engle v. Isacc*, 456 U.S. 107 129 (1981); *Wainwright v. Sykes*, 422 U.S. 72 (1977); *Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993).

In his two replies (Doc. 15 and 18) McNeal contests the unfairness of applying the doctrine of procedural default to preclude the review of his grounds for relief because, as a *pro se* litigant, he did not understand the requirements for properly developing his claims in state court. *Martinez v. Ryan*, 566 U.S. ___, 132 S. Ct. 1309, 1317 (2012) (brackets original), agrees with McNeal's assessment of a *pro se* litigant's likely inability to meet each procedural requirement.

> Where, as here, the initial-review collateral proceeding is the first designated proceeding for a prisoner to raise a claim of ineffective assistance at trial, the collateral proceeding is in many ways the equivalent of a prisoner's direct appeal as to the ineffective-assistance claim. This is because the state habeas court "looks to the merits of the clai[m]" of ineffective assistance, no other court has addressed the claim, and "defendants pursuing first-tier review . . . are generally ill equipped to represent themselves" because they do not have a brief from counsel or an opinion of the court addressing their claim of error. . . .

Without the help of an adequate attorney, a prisoner will have similar difficulties vindicating a substantial ineffective-assistance-of-trial-counsel claim. . . . To present a claim of ineffective assistance at trial in accordance with the State's procedures, then, a prisoner likely needs an effective attorney.

The same would be true if the State did not appoint an attorney to assist the prisoner in the initial-review collateral proceeding.  The prisoner, unlearned in the law, may not comply with the State's procedural rules or may misapprehend the substantive details of federal constitutional law. . . .   While confined to prison, the prisoner is in no position to develop the evidentiary basis for a claim of ineffective assistance, which often turns on evidence outside the trial record.

McNeal might overcome the procedural default by showing "cause and prejudice" because he was denied the appointment of counsel in his state Rule 3.850 motion for post-conviction relief, which proceeding is, under Florida jurisprudence, the first opportunity to raise a claim of ineffective assistance of trial counsel.

Allowing a federal habeas court to hear a claim of ineffective assistance of trial counsel when an attorney's errors (or the absence of an attorney) caused a procedural default in an initial-review collateral proceeding acknowledges, as an equitable matter, that the initial-review collateral proceeding, if undertaken without counsel or with ineffective counsel, may not have been sufficient to ensure that proper consideration was given to a substantial claim.  From this it follows that, when a State requires a prisoner to raise an ineffective-assistance-of-trial- counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances.  The first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial.  The second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).  To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is

> to say that the prisoner must demonstrate that the claim has some
> merit.

*Martinez*, 132 S. Ct. at 1318.  Because he was denied counsel in his post-conviction

proceeding, McNeal meets the "cause" requirement under *Martinez*.  But to fully

overcome the procedural default, McNeal must also meet the "prejudice" requirement.

To meet this burden McNeal must "demonstrate that the underlying ineffective-

assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner

must demonstrate that the claim has some merit."  132 S. Ct. at 1318.  Whether McNeal

meets his burden is addressed when each relevant ground is reviewed.

## STANDARD OF REVIEW

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this

proceeding.  *Wilcox v. Florida Dep't of Corr.*, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert.*

*denied*, 531 U.S. 840 (2000).  Section 2254(d), which creates a highly deferential standard

for federal court review of a state court adjudication, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a State court shall not be granted
> with respect to any claim that was adjudicated on the merits in State
> court proceedings unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or
> > involved an unreasonable application of, clearly
> > established Federal law, as determined by the
> > Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an
> > unreasonable determination of the facts in light of

the evidence presented in the State court
proceeding.

In *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000), the Supreme Court interpreted

this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal
> habeas court to grant a state prisoner's application for a writ of habeas
> corpus with respect to claims adjudicated on the merits in state court.
> Under § 2254(d)(1), the writ may issue only if one of the following two
> conditions is satisfied--the state-court adjudication resulted in a decision
> that (1) "was contrary to . . . clearly established Federal Law, as
> determined by the Supreme Court of the United States" or (2) "involved an
> unreasonable application of . . . clearly established Federal law, as
> determined by the Supreme Court of the United States."  Under the
> "contrary to" clause, a federal habeas court may grant the writ if the state
> court arrives at a conclusion opposite to that reached by this Court on a
> question of law or if the state court decides a case differently than this
> Court has on a set of materially indistinguishable facts.  Under the
> "unreasonable application" clause, a federal habeas court may grant the
> writ if the state court identifies the correct governing legal principle from
> this Court's decisions but unreasonably applies that principle to the facts
> of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established

federal law is objectively unreasonable, . . . an unreasonable application is different from

an incorrect one."  *Bell v. Cone*, 535 U.S. at 694.  "As a condition for obtaining habeas

corpus from a federal court, a state prisoner must show that the state court's ruling on

the claim being presented in federal court was so lacking in justification that there was an

error well understood and comprehended in existing law beyond any possibility for

fairminded disagreement."  *Harrington v. Richter*, ___ U.S. ___, 131 S. Ct. 770, 786-87

(2011).  *Accord Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective

reasonableness, not the correctness *per se*, of the state court decision that we are to

decide.").  The phrase "clearly established Federal law" encompasses only the holdings of

the United States Supreme Court "as of the time of the relevant state-court decision."

*Williams v. Taylor*, 529 U.S. at 412.

The purpose of federal review is not to re-try the state case.  "The [AEDPA]

modified a federal habeas court's role in reviewing state prisoner applications in order to

prevent federal habeas 'retrials' and to ensure that state-court convictions are given

effect to the extent possible under law."  *Bell v. Cone*, 535 U.S. 685, 693  (2002).  A federal

court must afford due deference to a state court's decision.  "AEDPA prevents

defendants—and federal courts—from using federal habeas corpus review as a vehicle to

second-guess the reasonable decisions of state courts."  *Renico v. Lett*, ____ U.S. ____,

130 S. Ct. 1855, 1866 (2010).  *See also Cullen v. Pinholster*, ___ U.S. ___, 131 S. Ct. 1388,

1398 (2011) ("This is a 'difficult to meet,' . . . and 'highly deferential standard for

evaluating state-court rulings, which demands that state-court decisions be given the

benefit of the doubt' . . . .") (citations omitted).

In a *per curiam* decision without a written opinion the state appellate court on

direct appeal affirmed McNeal's convictions and sentence.  (Respondent's Exhibit F)

Similarly, in another *per curiam* decision without a written opinion the state appellate

court affirmed the denial of McNeal's subsequent Rule 3.850 motion to vacate.

(Respondent's Exhibit W)  The state appellate court's *per curiam* affirmances warrant

deference under Section 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due."  *Wright v. Moore*, 278 F.3d 1245, 1254 (11th Cir.), *reh'g and reh'g en banc denied*, 278 F.3d 1245 (2002), *cert. denied sub nom Wright v. Crosby*, 538 U.S. 906 (2003).  *See also Richter*, 131 S. Ct. at 784-85 ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary.").

Review of the state court decision is limited to the record that was before the state court.

> We now hold that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law.  This backward-looking language requires an examination of the state-court decision at the time it was made.  It follows that the record under review is limited to the record in existence at that same time, i.e., the record before the state court.

*Pinholster*, 131 S. Ct. at 1398.  McNeal bears the burden of overcoming by clear and convincing evidence a state court factual determination.  "[A] determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).  This presumption of correctness applies to a finding of fact but not to a mixed determination of law and fact.  *Parker v. Head*, 244 F.3d 831, 836 (11th Cir.),

*cert. denied*, 534 U.S. 1046 (2001).  The state court's rejection of McNeal's post-conviction

claims warrants deference in this case.  (Order Denying Motion for Post-Conviction Relief,

Respondent's Exhibit P)

### INEFFECTIVE ASSISTANCE OF COUNSEL

McNeal claims ineffective assistance of counsel, a difficult claim to sustain.

 "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective

assistance of counsel are few and far between."  *Waters v. Thomas*, 46 F.3d 1506, 1511

(11th Cir. 1995) (*en banc*) (*quoting Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)).

*Strickland v. Washington*, 466 U.S. 668 (1984), governs an ineffective assistance of counsel

claim:

> The law regarding ineffective assistance of counsel claims is well settled
> and well documented.  In *Strickland v. Washington*, 466 U.S. 668, 104
> S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set forth a
> two-part test for analyzing ineffective assistance of counsel claims.
> According to *Strickland*, first, the defendant must show that counsel's
> performance was deficient.  This requires showing that counsel made
> errors so serious that counsel was not functioning as the "counsel"
> guaranteed the defendant by the Sixth Amendment.  Second, the
> defendant must show that the deficient performance prejudiced the
> defense.  This requires showing that counsel's errors were so serious as
> to deprive the defendant of a fair trial, a trial whose result is reliable.
> *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052.

*Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998).

*Strickland* requires proof of both deficient performance and consequent prejudice.

*Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective

assistance claim . . . to address both components of the inquiry if the defendant makes an

insufficient showing on one."); *Sims*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." 466 U.S. at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." 466 U.S. at 690.

McNeal must demonstrate that counsel's alleged error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." 466 U.S. at 691-92. To meet this burden, McNeal must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694.

*Strickland* cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." 466 U.S. at

690-91.  McNeal cannot meet his burden merely by showing that the avenue chosen by

counsel proved unsuccessful.

> The test has nothing to do with what the best lawyers would have done.
> Nor is the test even what most good lawyers would have done.  We ask
> only whether some reasonable lawyer at the trial could have acted, in
> the circumstances, as defense counsel acted at trial . . . .  We are not
> interested in grading lawyers' performances; we are interested in
> whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992).  *Accord Chandler v. United*

*States*, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious:  the trial lawyers, in

every case, could have done something more or something different.  So, omissions are

inevitable . . . .  [T]he issue is not what is possible or 'what is prudent or appropriate, but

only what is constitutionally compelled.'") (*en banc*) (*quoting Burger v. Kemp*, 483 U.S.

776, 794 (1987)).  *See also Jones v. Barnes*, 463 U.S. 745, 751 (1983) (counsel has no duty

to raise a frivolous claim).

McNeal must prove that the state court's decision was "(1) . . . contrary to, or

involved an unreasonable application of, clearly established Federal law, as determined by

the Supreme Court of the United States or (2) . . . based on an unreasonable

determination of the facts in light of the evidence presented in the State court

proceeding."  28 U.S.C. § 2254(d).  Sustaining a claim of ineffective assistance of counsel is

very difficult because "[t]he standards created by *Strickland* and § 2254(d) are both 'highly

deferential,' and when the two apply in tandem, review is 'doubly' so."  *Richter*, 131 S. Ct.

at 788.  *See also Pinholster*, 131 S. Ct. at 1410 (A petitioner must overcome this "'doubly

deferential' standard of *Strickland* and the AEDPA."), and *Johnson v. Sec'y, Dep't of Corr.*,

643 F.3d 907, 911 (11th Cir. 2011) ("Double deference is doubly difficult for a petitioner to

overcome, and it will be a rare case in which an ineffective assistance of counsel claim

that was denied on the merits in state court is found to merit relief in a federal habeas

proceeding.").

The state court conducted an evidentiary hearing and denied the claims of

ineffective assistance of counsel.  In denying relief the post-conviction court found that

*Strickland* governs each claim of ineffective assistance of counsel (Respondent's Exhibit P

at 3-4), and as a consequence McNeal cannot meet the "contrary to" test in Section

2254(d)(1).  Instead McNeal must show that the state court unreasonably applied

*Strickland* or unreasonably determined the facts.  In determining "reasonableness," a

federal petition for the writ of habeas corpus authorizes determining only "whether the

state habeas court was objectively reasonable in its *Strickland* inquiry," not an

independent assessment of whether counsel's actions were reasonable.  *Putnam v. Head*,

268 F.3d 1223, 1244, n.17 (11th Cir. 2001), *cert. denied*, 537 U.S. 870 (2002).  The

presumption of correctness and the highly deferential standard of review requires that

the analysis of each claim begin with the state court's analysis.

Ground One, sub-part A:

McNeal alleges that trial counsel rendered ineffective assistance by not establishing a proper foundation to impeach the state's witnesses. McNeal alleges that the trial testimony presented by the state's witnesses–Teresa Clinton, Sean Crowder, Eric Ellison, and Annette Lockhart–was "substantially different testimony than they gave previously[, s]pecifically statements given to the police and during depositions." McNeal contends that with proper preparation trial counsel "would have been able to impeach said witnesses statements regarding what really occurred at the scene of the crime . . . ."

The state post-conviction court rejected this claim as follows (Respondent's Exhibit P at 4-5) (citations to record omitted):

> The Defendant argues that trial counsel was constitutionally ineffective for failing to lay the proper predicate and to impeach each witness. He maintains that counsel had depositions from each witness and should have used them to impeach them when they took the stand. More significantly, the Defendant maintains that no witness could identify the sound of a gunshot and counsel should have capitalized on this fact.
>
> At the evidentiary hearing, the Defendant could only identify one witness, Ms. Clinton, who trial counsel failed to impeach. Accordingly, this Court finds that as to all other witnesses but Ms. Clinton, the Defendant's allegations are legally insufficient to establish a valid claim.
>
> At the evidentiary hearing, the Defendant argued that Ms. Clinton could not identify a gunshot sound and that trial counsel should have impeached Ms. Clinton on this fact. At trial, the victim, Ms. Clinton, testified that she heard a "pow" sound and did not know what it was. She fled the apartment and saw the Defendant coming at her with a gun. Later, she returned to her apartment and saw holes in the top of her ceiling, a hole through the blanket that was covering her window, shattered glass, and the bent frame on the window. Upon cross-examination, the victim stated that she could not say that the Defendant shot into the house because she did not actually see him shoot into the house but only saw him with a gun. At the evidentiary

- 16 -

hearing, the Defendant could not point to specific information with which trial counsel could impeach Ms. Clinton but stated he relied on the four-comers of his motion.

This Court finds that the Defendant has failed to establish that trial counsel was deficient or that he was prejudiced.  The fact that Ms. Clinton could not identify the sound she heard as a gunshot was a fact that supported the Defendant's case.  Thus, the Defendant cannot demonstrate that trial counsel was deficient for failing to impeach a witness on a point that helped his case.  Further, because the issue supported his case, the Defendant cannot demonstrate that he was prejudiced by counsel's failure to impeach.  Issue one is DENIED.

Both trial counsel's decision to cross-examine and counsel's manner of cross-examining are strategic decisions entitled to deference.  *Dorsey v. Chapman*, 262 F.3d 1181 (11th Cir. 2001), *cert. denied*, 535 U.S. 1000 (2002).  The only question is whether counsel's strategic decision was "reasonable."  *Minton v. Sec'y, Dep't of Corr.*, 271 Fed. App'x 916, 918 (11th Cir. 2008) ("The Supreme Court has 'declined to articulate specific guidelines for appropriate attorney conduct and instead has emphasized that the proper measure of attorney performance remains simply reasonableness under prevailing professional norms.'") (*quoting Wiggins v. Smith*, 539 U.S. 510, 521 (2003).  McNeal has never identified–neither during the state Rule 3.850 proceeding nor in his federal petition–which pre-trial statements allegedly conflict with each witness's trial testimony so that impeachment was possible.  As a consequence, the post-conviction judge reasonably applied *Strickland* by deferring to trial counsel's strategic decision.

Ground One, sub-part B:

McNeal alleges that trial counsel rendered ineffective assistance by not adequately arguing for a judgment of acquittal. The state post-conviction court rejected this claim as follows (Respondent's Exhibit P at 5-6) (citations to record omitted) (brackets original):

> The Defendant contends that trial counsel was constitutionally ineffective for failing to argue a proper motion for judgment of acquittal. In his motion, the Defendant argues that trial counsel's motion for judgment of acquittal was only one page and was "unreasonable, untactical [sic] and completely deficient."
>
> The trial transcript establishes that the total motion for judgment of acquittal was three pages and not one page. Trial counsel argued that there was no real evidence of a gun and moved for judgment of acquittal on all counts. Next, trial counsel moved for a judgment of acquittal with respect to the burglary of a dwelling count arguing that there was no testimony of any crime committed inside the dwelling.
>
> Significantly, the Defendant gives no specifics to support his contentions. At the evidentiary hearing the Defendant maintained that trial counsel did not fully or effectively argue the motion for judgment of acquittal. The Defendant, however, could not identify any specific argument trial counsel could have made and did not. Moreover, the Defendant did not indicate how trial counsel could have argued the motion more effectively. This Court concludes that the Defendant's claim is a conclusory allegation without a basis in fact and, therefore, the Defendant has failed to demonstrate any deficiency on the part of trial counsel. Issue two is DENIED.

McNeal's motion for post-conviction relief (Respondent's Exhibit J at 6-7) is devoid of details to support a claim that trial counsel failed to adequately argue for a judgment of acquittal. As a consequence, the post-conviction judge reasonably applied *Strickland* in finding that this claim was conclusory.

In his federal petition, for the first time McNeal specifically complains that, in arguing for a judgment of acquittal, trial counsel should have challenged the trial court's

- 18 -

accepting a police officer as an expert witness to testify about the damage caused by the gunshot.  The respondent is correct that this argument is both unexhausted and procedurally defaulted.  Under *Martinez* McNeal meets the "cause" requirement to overcome the procedural default, but whether he also meets the "prejudice" requirement will be address later under ground two, which alleges that the trial court abused its discretion by accepting the police officer as an expect witness.

Ground One, sub-part C:

McNeal alleges that trial counsel rendered ineffective assistance by (1) not seeking a severance of the felony possession of a firearm charge from the other counts and (2) not objecting to the amending of the information at trial.  The state post-conviction court rejected this claim as follows (Respondent's Exhibit P at 6-7) (citations to record omitted):

> Next, the Defendant argues that trial counsel was deficient for failing to file a second motion to sever the charges.  He maintains that all the charges in this case stem from two separate incidents.  Although the Defendant concedes that trial counsel filed a motion to sever the charges, he argues he was ineffective for failing to file a second motion to sever the charges.
>
> This Court held a hearing on April 5, 2005, and trial counsel requested that possession of a firearm by a convicted felon be severed from the other charges.  At the hearing, the Defendant questioned how the Court could separate his charges.  Trial counsel informed the Defendant that if the possession of a firearm by a convicted felon count was tried at the same time, the jury would know that he was a convicted felon.  The Defendant stated:  "That's not the problem. What I'm saying is, why are you separating the charges so you can come back and try to hang me later?  You understand what I'm saying?"  The court asked the Defendant if he wanted this case tried with the other cases and the Defendant replied that he did.

> The Defendant does not allege that he changed his mind prior to trial
> and instructed trial counsel to file a second motion.  At the evidentiary
> hearing, he stated that he did not understand at the time what it meant
> to try the counts together but now he does understand.  However, the
> April 5, 2005, transcript of the hearing demonstrates that trial counsel
> clearly explained to the Defendant in simple terms the consequences of
> trying the counts together.  The Defendant rejected trial counsel's
> position.  The Defendant cannot now complain that somehow trial
> counsel was deficient for following his wishes.  This Court finds the
> Defendant has failed to demonstrate that trial counsel was deficient and,
> therefore, issue three is DENIED.

The transcript of the pre-trial hearing fully supports the post-conviction judge's

determination that, despite cautions from both the trial judge and trial counsel, McNeal

insisted on a single trial for both the felony possession of a firearm charge and the other

charges.  (Respondent's Exhibit B at 228-31).  As a consequence, the post-conviction judge

reasonably applied *Strickland* by determining that trial counsel's performance was not

deficient.

Ground One, sub-part D:

McNeal alleges that trial counsel rendered ineffective assistance by not

withdrawing because of a conflict between them, specifically based on counsel's alleged

failure to properly investigate the case.  The state post-conviction court rejected this claim

as follows (Respondent's Exhibit P at 7):

> The Defendant complains that trial counsel was ineffective for failing to
> withdraw himself from the Defendant's case.  He asserts that trial
> counsel knew that he had filed a complaint against trial counsel with the

Florida Bar and was fully aware that a conflict existed between himself and trial counsel.

This Court finds that the Defendant has failed to demonstrate any deficiency on the part of trial counsel.  Although the record contains evidence of their disagreements, it does not contain any request by the Defendant to have trial counsel replaced.  Moreover, the issues that appear to be in disagreement, i.e., the failure to file a motion to suppress or file a motion for a bill of particulars, are matters of trial strategy.  Accordingly, this Court finds that the Defendant has failed to demonstrate that trial counsel was deficient and, therefore, issue four is DENIED.

The post-conviction court's determination is consistent with federal jurisprudence. The Sixth Amendment right to counsel is a fundamental right.  *United States v. Cronic*, 466 U.S. 648, 654 (1984) ("An accused's right to be represented by counsel is a fundamental component of our criminal justice system."), *Argersinger v. Hamlin*, 407 U.S. 25, 32 (1972) ("The right of one charged with crime to counsel may not be deemed fundamental and essential to fair trials in some countries, but it is in ours.").  However, the Sixth Amendment does not guarantee that a defendant will receive the appointment of counsel of his choice, *Wheat v. United States*, 486 U.S. 153 (1988), or that the defendant will have a meaningful attorney-client relationship.  *Morris v. Slappy*, 461 U.S. 1 (1983).  *See also United States v. Cronic*, 466 U.S. at 657, n.21 ("[T]he appropriate inquiry focuses on the adversarial process, not on the accused's relationship with his lawyer as such.").  But a criminal defendant is entitled to the assistance of an attorney who has no interest other than that of the defendant's.

A conflict of interest must be actual, not merely potential.  "[T]he possibility of conflict is insufficient to impugn a criminal conviction.  In order to demonstrate a violation of his Sixth Amendment rights, a defendant must establish that an actual conflict of interest adversely affected his lawyer's performance." *Cuyler v. Sullivan*, 446 U.S. 335, 350 (1980).  Consequently, to prevail on a claim of conflict of interest, a petitioner must show (1) that there was an actual conflict and (2) that the conflict adversely effected counsel's performance.

To prove an actual conflict, "[t]he defendant must make a factual showing of inconsistent interests and must demonstrate that the attorney made a choice between possible alternative courses of action, such as eliciting (or failing to elicit) evidence that favors an interest in competition with that of the defendant." *Buenoano v. Singletary*, 74 F.3d 1078, 1086 n.6 (11th Cir. 1996) (citations omitted).  "To prove adverse effect, a habeas corpus petitioner must show:  (1) the existence of a plausible alternative defense strategy or tactic that might have been pursued; (2) that the alternative strategy or tactic was reasonable under the facts; and (3) a link between the actual conflict and the decision to forgo the alternative strategy of defense." *Pegg v. United States*, 253 F.3d 1274, 1278 (11th Cir. 2001), *cert. denied*, 535 U.S. 970 (2002).

McNeal shows neither an actual conflict nor an adverse effect.  The post-conviction court correctly determined that McNeal's complaint about trial counsel was a disagreement over the handling of the case and not an actual conflict of interest.

Consequently, the state court's ruling was neither an unreasonable determination of the facts nor an unreasonable application of clearly established law.

Ground One, sub-part E:

McNeal alleges that trial counsel rendered ineffective assistance by not ordering a complete record for the appeal.  The state post-conviction court rejected this claim as follows (Respondent's Exhibit P at 7):

> The Defendant argues that trial counsel was constitutionally ineffective for failing to ensure the complete record on appeal.  He maintains that trial counsel failed to ensure in the Directions to the Clerk that the judgment and sentence be included.  This Court finds that the Defendant has failed to demonstrate that he was prejudiced.  The Defendant conceded at the evidentiary hearing that ultimately the complete trial record was ultimately provided to the appellate court and, therefore, he cannot demonstrate prejudice.  Issue five is DENIED.

The state post-conviction court found that, as a matter of fact, "the complete trial record was ultimately provided to the appellate court" and determined that, because the appellate court had a complete record, McNeal "cannot demonstrate prejudice."  McNeal must provide clear and convincing evidence to overcome the  state court's finding of fact. 28 U.S.C. § 2254(e)(1) ("[A] determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.").  McNeal provides no evidence that warrants rejecting the state court's factual determination that the appellate court possessed a complete record.  McNeal provides no basis for rejecting the state

court's determination that McNeal cannot show prejudice.  Consequently, the state court's ruling was neither an unreasonable determination of the facts nor an unreasonable application of *Strickland*.

Ground One, sub-part F:

McNeal alleges that trial counsel rendered ineffective assistance by not objecting to the sentencing scoresheet.  The state post-conviction court rejected this claim as follows (Respondent's Exhibit P at 7-8):

> The Defendant complains that trial counsel was ineffective for failing to object to scoresheet errors.  He maintains that trial counsel should have known that he had not been convicted of a felony for ten (10) years.  The Defendant fails to explain why this is of any significance and, therefore, this is legally insufficient to state a claim.  Issue six is DENIED.

McNeal's contention that the state court improperly used prior convictions to enhance his sentence is an issue not reviewable in federal court except under limited circumstances.  A sentence within legislatively mandated guidelines is presumptively valid. *Rummel v.  Estelle*, 445 U.S. 263, 272 (1980).  If a sentence is within the statutory limits, state courts have wide discretion in determining "the type and extent of punishment for convicted defendants."  *Williams v.  New York*, 337 U.S. 241, 245 (1949).  Consequently, federal habeas corpus review of an asserted violation of state sentencing law is limited.

> A federal habeas petition may be entertained only on the ground that a petitioner is in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a).  A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.  *Bronstein v. Wainwright*, 646 F.2d 1048, 1050 (5th Cir. 1981).  State courts are the

> ultimate expositors of their own state's laws, and federal courts
> entertaining petitions for writs of habeas corpus are bound by the
> construction placed on a state's criminal statutes by the courts of the
> state except in extreme cases. *Mendiola v. Estelle*, 635 F.2d 487, 489
> (5th Cir. 1981).[3]

*McCullough v. Singletary*, 967 F.2d 530, 535-36 (11th Cir. 1992), *cert. denied*, 507 U.S. 975

(1993).  *Accord Rodwell v. Singletary*, 114 F. Supp. 1308, 1311 (M.D. Fla. 2000) ("A state's

interpretation of its own laws or rules provides no basis for federal habeas corpus relief,

since no question of a constitutional nature is involved.").  Even if McNeal is correct that

the state court failed to properly apply the state's sentencing guidelines, the "federal

courts cannot review a state's alleged failure to adhere to its own sentencing

procedures."  *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) (citations omitted).

The calculation of McNeal's sentence in accord with the state sentencing guidelines is a

matter of state law and not reviewable by a federal petition for the writ of habeas corpus.


Ground One, sub-part G:

　　McNeal alleges that trial counsel rendered ineffective assistance by not filing a pre-

trial motion to suppress the window blinds and the blanket that covered the blinds.

McNeal contends that both items should have been suppressed because neither was

tested for "gunpowder residue or any other forensic evidence . . . ."  The state

---

[3]   Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

post-conviction court rejected this claim as follows (Respondent's Exhibit P at 8) (citations

to record omitted):

> The Defendant argues that trial counsel was ineffective for failing to file
> pre-trial motions. . . . He also complains that the State failed to test
> evidence such as the blinds and blanket for gun powder residue and trial
> counsel "should have moved to suppress this erroneous evidence." . . .
>
> . . . The Defendant argues that trial counsel was deficient for failing to
> have the blinds and the blanket suppressed but fails to state what basis
> trial counsel had for suppression.  The Defendant does not argue nor
> does the trial transcript indicate, that the evidence was illegally obtained
> by the police.

Defense counsel testified at the post-conviction evidentiary hearing that, because

the blinds and blanket each had a single hole and no testing was conducted for gunshot

residue, he was able to argue that the state had failed to prove that McNeal had fired a

shotgun.  (Respondent's Exhibit O at 173)  As a matter of trial strategy, defense counsel

used the lack of testing to bolster his argument.

The term "strategy" is broadly defined.  "By 'strategy,' we mean no more than this

concept:  trial counsel's course of conduct, that was neither directly prohibited by law nor

directly required by law, for obtaining a favorable result for his client."  *Chandler v. United

States*, 218 F.3d at 1314 n.14.  *See also Felker v. Thomas*, 52 F.3d 907, 912 (11th Cir. 1995)

("Within that wide range of reasonable professional assistance [that is constitutionally

acceptable], there is room for different strategies, no one of which is 'correct' to the

exclusion of all others.") and *Stanley v. Zant*, 697 F.2d 955, 964 (11th Cir. 1983) (holding

that choosing a specific line of defense to the exclusion of others is a matter of strategy).

Trial counsel must decide which strategic and tactical option to pursue, such as deciding

which witness or defense to present. *See e.g., Dingle v. Sec'y, Dep't of Corr.*, 480 F.3d

1092, 1099 (11th Cir. 2007) ("

Even if

counsel'

s

decision

appears

to have

been

unwise

in

retrosp

ect, the

decision

will be

held to

have

been

ineffecti

ve

assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'"), *quoting Adams v. Wainwright*, 709

F.2d

1443,

1445

(11th

Cir.

1983).

Conseq

uently,

the

state

court's

ruling

was

neither

an

unreaso

nable

determi

nation

of the

facts

nor an

unreaso

nable

applicati

on of

*Strickla*

*nd*.

Ground One, sub-part H:

McNeal alleges that trial counsel rendered ineffective assistance by not arguing

that the numerous charges in the information violated his right to be free from double

jeopardy.  The state post-conviction court rejected this claim as follows (Respondent's

Exhibit P at 9) (citations to record omitted):

> The Defendant asserts that trial counsel was ineffective for failing to
> argue that the charging instrument violated the Defendant's right to be
> free from double jeopardy.  He maintains that the State overcharged him
> for the sole purpose to prejudice him and produce a conviction by
> whatever means necessary.
>
> At the evidentiary hearing, the Defendant did not provide any argument
> or point out which of the counts he was charged with contained the
> same elements.  Instead, he stated that he relied on the "four corners"
> of his 3.850 motion.  This Court finds that the Defendant was not
> overcharged nor was his right to be free from double jeopardy violated.
> This Court further finds that his allegations were conclusory and lacked a
> factual basis.

The federal petition contains the same conclusory allegation.  McNeal fails to identify which counts he contends violated his right to be free from double jeopardy. McNeal fails to substantiate his claim that counsel performed deficiently and that he was prejudiced.  Consequently, the state court's ruling was neither an unreasonable determination of the facts nor an unreasonable application of *Strickland*.

Ground One, sub-part I:

McNeal alleges that trial counsel rendered ineffective assistance by not objecting to the prosecutor's "persistent and improper comments on alleged facts that were not in evidence . . . ."  The state post-conviction court rejected this claim as follows (Respondent's Exhibit P at 9-10) (citations to record omitted):

> The Defendant argues that trial counsel was ineffective for failing to object to prosecutor misconduct.  He maintains that the prosecutor improperly commented on facts that were not in evidence and that counsel failed to object.  In particular, he maintains that the prosecutor told the jury "of the justness of the cause of guilt and that 'he did it.'"  As part of his motion, the Defendant attached a page from the trial transcript in which the prosecutor argued that circumstantial evidence supported the conclusion that the Defendant had shot into the dwelling. At one point the prosecutor stated, "He did it."

> During closing argument, the prosecutor argued that the Defendant shot a firearm into the dwelling.  He pointed out to the jury that there was plenty of circumstantial evidence to support this conclusion.  After reading the transcript of the prosecutor's opening statement and closing argument, this Court finds that the prosecutor did not make any statement about the justness of the cause of guilt.  The statement that the Defendant committed the crime was not improper.  Thus, the Defendant has failed to establish that trial counsel was ineffective for failing to object to such statements.  Issue ten is DENIED.

Closing argument is designed to "assist the jury in analyzing, evaluating and applying the evidence."  *United States v. Pearson*, 746 F.2d 787, 796 (11th Cir. 1984).  While a prosecutor may not go beyond the evidence presented to the jury, the prosecutor is not limited to a bare recitation of the facts; he may comment on the evidence and express the conclusions he contends the jury should draw from the evidence.  *United States v. Johns*, 734 F.2d 657, 663 (11th Cir. 1984).  The prosecutor's comment that "he did it" is no more than the prosecutor's permissible conclusion drawn from the evidence.

The trial judge instructed the jury before closing argument that the attorneys' arguments were not evidence. (Respondent's Exhibit C at 303)  In the context of the trial, the prosecutor's comment, even if improper, neither rendered the trial fundamentally unfair nor infected the trial with such unfairness that the conviction amounts to a denial of due process.[4]  *See Tucker v. Kemp*, 802 F.2d 1293, 1296 (11th Cir. 1986) (*en banc*).

McNeal fails to show that, if counsel had objected to the prosecutor's closing argument, the jury would have acquitted him.  Consequently, McNeal fails to meet his burden of proving that the state court unreasonably applied controlling Supreme Court precedent or unreasonably determined the facts in rejecting this claim.  *See* 28 U.S.C. § 2254(d).

Ground One, sub-part J:

---

[4] Any question of unfairness caused by the prosecutor's comments is refuted by the jury's rejection of the burglary of a dwelling charged in count one and a finding of guilty of the lesser-included offense of trespass with a human being in the structure.  (Respondent's Exhibit A at 198)

McNeal alleges that trial counsel rendered ineffective assistance by not asserting "vindictive prosecution."  In the state proceeding this claim was based on three reasons.  In the federal petition McNeal relies on only the claim that the prosecutor added more counts in an amended information after McNeal insisted on a trial.  The state post-conviction court rejected this claim as follows (Respondent's Exhibit P at 10-11) (citations to record omitted):

> Next, the Defendant contends that trial counsel was ineffective for failing to object to his being vindictively prosecuted.  As evidence of the State's vindictive prosecution, the Defendant raises three allegations.  First, he maintains the State amended the information after he invoked his right to a jury trial and counsel failed to object.  . . .
>
> At the hearing, the Defendant stated that he relied on the four corners of his motion and did not provide any further evidence to support his allegations.  The Defendant fails to comprehend that the State has the right to amend the information after he invokes his right to trial.  Without more facts to support his contention, the Defendant has simply made a conclusory allegation.  . . .  Accordingly, issue eleven must be DENIED.

The state post-conviction court's decision is consistent with controlling federal jurisprudence, as explained in *United States v. Goodwin*, 475 U.S. 368, 380 (1982).

> An initial indictment–from which the prosecutor embarks on a course of plea negotiation–does not necessarily define the extent of the legitimate interest in prosecution.  For just as a prosecutor may forgo legitimate charges already brought in an effort to save the time and expense of trial, a prosecutor may file additional charges if an initial expectation that a defendant would plead guilty to lesser charges proves unfounded.

*Goodwin* rejects creating a presumption of vindictiveness when charges are added before trial, as compared to a presumption of vindictiveness when charges are added

after a successful appeal.  *See Blackledge v. Perry*, 417 U.S. 21 (1974).  McNeal must

present evidence to overcome the lack of a presumption of vindictiveness.  McNeal

presents no basis for inferring vindictiveness.  *See also United States v. Barner*, 441 F.3d

1310, 1321 (11th Cir. 2006) ("Since Barner has shown nothing more than his assertion of

rights through pre-trial motions, followed by augmentation of the charges against him,

there are no compelling factors which would justify invoking the presumption of

prosecutorial vindictiveness.").   As a consequence, defense counsel had no basis for

asserting a claim of "vindictive prosecution."  McNeal fails to meet his burden of proving

that the state court unreasonably applied controlling Supreme Court precedent or

unreasonably determined the facts in rejecting this claim.  *See* 28 U.S.C. § 2254(d).

Ground Two:

     McNeal alleges that the "trial court abused its discretion when it qualified

Detective Kimberly Hires as an expert witness for shotgun pellets and patterns."  The

respondent correctly argues that this substantive claim of trial court error is unexhausted

because McNeal never raised this claim on direct appeal.  McNeal makes no attempt to

overcome this procedural default.


     McNeal did present this claim under the guise of ineffective assistance of appellate

counsel based on appellate counsel's failure to challenge the trial court's accepting the

witness as an expert witness.  (Respondent's Exhibit Z)  Following a thorough response

(Respondent's Exhibit AA), the appellate court summarily rejected the claim without comment.  (Respondent's Exhibit CC)  The federal petition asserts no claim based on the ineffective assistance of appellate counsel.

However, McNeal asserts this claim under the guise of ineffective assistance of trial counsel based on trial counsel's failure to object to the trial court's accepting the witness as an expert witness.  As discussed earlier under sub-part B of ground one, McNeal's failure to include this claim of ineffective assistance of trial counsel in his motion for post-conviction relief might be excused under *Martinez*.  But to fully overcome the procedural default, McNeal must also meet the "prejudice" requirement.  To meet this burden McNeal must "demonstrate that the underlying ineffective- assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit."  132 S. Ct. at 1318.

McNeal stood little chance of precluding the trial court from accepting the police officer as an expert witness.

> The decision to admit expert testimony in Florida is left to the trial court's discretion and reversed only on a finding of clear error.  *Terry v. State*, 668 So. 2d 954, 960 (Fla. 1996).  The court must make two factual determinations prior to certification of an expert.  The court must decide first whether the subject matter is proper for expert testimony and, second, whether the witness is adequately qualified to express an opinion in the matter.  *Id.*  (citations omitted).  Experts may express opinions on matters in which they have expertise when it is in response to facts disclosed at or before trial.  *Id.*

*Ramos v. Sec'y, Dep't of Corr.*, 441 Fed. App'x 689, 693 (11th Cir. 2011).  Under *Strickland*

McNeal must prove both deficient performance and resulting prejudice.  McNeal cannot

show that defense counsel performed deficiently.  Defense counsel objected when the

witness was initially tendered as an expert, and after the prosecutor established a greater

foundation, the trial court accepted the witness as an expert notwithstanding defense

counsel's renewed objection. (Respondent's Exhibit C at 236-38)  As a consequence,

McNeal's fails to meet his burden under *Strickland* to prove his claim of ineffective

assistance of trial counsel regarding the trial court's accepting the police officer as an

expert witness.

Accordingly, McNeal's petition for the writ of habeas corpus (Doc. 1) is **DENIED**.

The clerk shall enter a judgment against McNeal, terminate all pending motions, and

**CLOSE** this case.

IT IS SO ORDERED

DONE AND ORDERED in Ocala, Florida, on this 21st day of June, 2013.

UNITED STATES DISTRICT JUDGE

Copies to:  Counsel of Record
Richard Charles McNeal, *pro se*